IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER M. YOUNG, | ) |
| | ) Civil Action No. 09 - 325 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) Doc. No. 12 |
| CENTERVILLE CLINIC, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION ON MOTION TO DISMISS AMENDED COMPLAINT**

Lenihan, MJ.

**I. STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY**

Plaintiff, Amber Young (hereinafter "Plaintiff") brought suit against Defendant, Centerville Clinics, Inc. (hereinafter "Defendant") alleging, *inter alia,* employment harassment and discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1991 (hereinafter "Title VII") and the Pennsylvania Human Relations Act (hereinafter "PHRA"). Plaintiff is a former employee of Defendant. (Complaint, Doc. No. 1 at ¶ 6) (hereinafter "Doc. No. 1 at ¶ ___.") Plaintiff alleges that, beginning in 2004, she was subject to continuous and ongoing discrimination due to her sex/ gender, race/ reverse race, religion, and pregnancy status/ perceived disability. (Doc. No. 1 at ¶ 12.) Plaintiff further alleges that her co-workers and managers were both aware of the discrimination and participated in the discrimination. (Doc. No. 1 at ¶ 12(b).) According to the Complaint, beginning in 2007, Plaintiff's supervisor Vicki Murray (hereinafter "Murray") began systematically discriminating against Plaintiff. Plaintiff alleges that Murray disfavored Plaintiff while favoring another worker (an African American male named Reuben), allowed Reuben to sexually harass Plaintiff, harassed Plaintiff for being an Atheist, refused Plaintiff's requests to move to a

different department, required Plaintiff to work with Reuben, denied Plaintiff's request for a different assignment of clients, and denied Plaintiff's request for additional pregnancy leave. (Doc. No. 1 at ¶ 12.) Plaintiff's employment with Defendant was terminated in late 2008. (Doc. No. 1 at ¶ 12(nn).) As a result of the alleged discrimination and harassment, Plaintiff avers that she suffers from mental anguish, depression, emotional strain, loss of sleep, severe anxiety, humiliation, and loss of income and benefits. (Doc. No 1 at ¶ 14.)

In response to the original complaint, Defendant filed a Motion to Dismiss for failure to comply with the Federal Rules of Civil Procedure. (Doc. No. 3.) Plaintiff then filed an Amended Complaint, in which Plaintiff alleged four counts of harassment and discrimination under Title VII, one count of retaliation under Title VII, and one count of employment discrimination under the PHRA. (Doc. No. 7.) In response to the Amended Complaint, Defendant filed a second Motion to Dismiss for failure to comply with the Federal Rules of Civil Procedure. (Doc. No. 12.) In the second Motion to Dismiss, Defendant requested that the Court dismiss the Amended Complaint without prejudice and order Plaintiff to file a Second Amended Complaint that meets the pleading requirements of the federal rules. A brief in opposition was filed on July 30, 2009.

## II. ANALYSIS

### A. Plaintiff's Amended Complaint Fails to Comply with Rules 8(a) and 8(d)(1) of the Federal Rules of Civil Procedure

Rule 8(a)(2) of the FRCP provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) of the FRCP provides that each allegation in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is to prevent complaints that are ambiguous or vague enough to impede the defendant's ability to form a responsive pleading. *See*

*Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d. Cir. 1967). While the pleading requirements of Rule 8 are liberally construed, the district courts in this and other circuits have consistently held that disorganized, needlessly long, and highly repetitious complaints that are not organized into plain statements of the claim fail to satisfy Rule 8. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 WL 2384993, at *2 (E.D. Pa. October 25, 2004) (court noted that while excessive length alone is not a sufficient reason to dismiss a complaint, when accompanied by a lack of clarity, a dismissal is proper); *Burton v. Peartree,* 326 F. Supp. 755, 758-59 (E.D. Pa. 1971) (court found that "a lengthy rambling complaint which contains little more than demands, charges and conclusions...is not a short and plain statement of the case and flagrantly violates Fed.R.Civ.P"); *Nagel v. ADM Investor Servs.,* 995 F. Supp. 837, 845 (N.D. Ill. 1998) (court noted that "[U]nder Rule 8, plaintiffs must present a complaint with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of what it is the plaintiff asserts."); *Choate v. United States,* 413 F. Supp. 475, 478 (N.D. Okla. 1976) (court found that a disorganized, unclear complaint "puts an unjustifiable burden upon the Court and the defendants to determine whether somewhere, 'tucked' betwixt plaintiff's arguments, conclusions and general dissertations, facts sufficient to support a cause of action have been stated...").

In the case at hand, Plaintiff's original Complaint failed to meet the requirements of Rules 8(a) and 8(d)(1). In its first Motion to Dismiss (hereinafter "MD 1"), Defendant noted that the original Complaint "haphazardly" listed 45 or more paragraphs and subparagraphs of repetitive and unclear facts that were meant to support a list of claims including harassment, retaliation, and disparate treatment based on sex, race, reverse-race, pregnancy, disability, perceived disability, religion and union activity. (Doc. No. 3 at ¶ 3.) After the Court ordered Plaintiff to either amend the Complaint, or to respond to Defendant's MD 1, Plaintiff filed an Amended Complaint, which

Defendant contends also fails to meet the requirements of Rules 8(a) and 8(d)(1). Defendant, therefore, moved to dismiss the Amended Complaint in its second Motion to Dismiss (hereinafter "MD 2"). While the Amended Complaint is slightly more organized, and has divided the original paragraphs and subparagraphs into 6 counts, there is still no "short and plain statement of the claim..." showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather, the Amended Complaint contains over 125 paragraphs and subparagraphs, many of which are repeated haphazardly under counts for which the repeated facts serve as irrelevant. Further, the Amended Complaint lacks "simple, concise, and direct" facts that support any of the claims made by Plaintiff. *See* Fed. R. Civ. P. 8(d)(1). Numerous paragraphs in the Amended Complaint are simply repeated under each count without purpose or specificity. *See, e.g.,* Am. Comp. ¶¶ 12(n), 12(o), 17(v), 17(w), 17(aa), 17(bb), 22(k), 22(l), 27(l), 27(m) (note: these are all the same paragraphs, re-lettered, re-numbered and repeated). Further, several of the paragraphs in each count are in no way related to the titled subject of the count. *See, e.g.,* Am. Comp. ¶¶ 17(t), 17(x), 17(y), 22(1), 22(j), 22(m), 27(h), 27(l).

Plaintiff is not proceeding *pro se*, but is represented by counsel who is or should be familiar with the pleading requirements of Rule 8. Copying and pasting the paragraphs and subparagraphs from the original Complaint into 6 different counts does not solve the original pleading deficiencies, and does not clarify which facts actually apply to which claims. The Amended Complaint, much like the original complaint, creates an undue burden for the Court and the Defendant to sift through the disorganized and unclear facts to determine whether there are any sufficient facts to support any of the claims being made. *See Choate,* 413 F. Supp. at 478. Accordingly, the Court finds that the Amended Complaint fails to comply with Fed. R. Civ. P. 8(a) and (d)(1).

### B. Plaintiff's Amended Complaint Fails to Comply with Rule 10(b) of the Federal Rules of Civil Procedure

Rule 10(b) of the Federal Rules of Civil Procedure requires that all claims must be stated in numbered paragraphs and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count or defense." The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief.

In the case at hand, Plaintiff's original Complaint failed to meet the requirements of 10(b) of the FRCP. In its MD 1, Defendant noted that the Complaint "haphazardly" listed 45 or more paragraphs and subparagraphs of repetitive and unclear facts that were meant to support a list of claims, and that these paragraphs were not sorted into different counts. (Doc. No. 3 at ¶ 3.) Further, Defendant noted that Plaintiff alleges at least three different theories of liability, including retaliation, harassment, and disparate treatment, without stating which facts support each theory, or which theory supports each claim. (Doc. No. 3 at ¶ 4.) After the Court ordered Plaintiff to either amend the Complaint, or to respond to Defendant's MD 1, Plaintiff filed an Amended Complaint which Defendant contends also fails to meet the requirements of Rules 10(b). Accordingly, Defendant filed its MD 2 seeking dismissal of the Amended Complaint. While the Amended Complaint is divided into 6 different counts, the facts are still pled in a chaotic fashion, often times switching back and forth between facts and events "supporting", for instance, a religious discrimination claim, and facts and events "supporting" a sex discrimination claim. Further, in the Amended Complaint, each count alleges at least three different theories of liability, without ever distinguishing the facts that support each theory.

Again, Plaintiff is not proceeding *pro se*, but is represented by counsel who is or should be familiar with the pleading requirements of Rule 10 of the FRCP. The Amended Complaint, much like the original complaint, creates an undue burden for the Court and the Defendants, as the number of claims, the number of theories of liability, and even the number of facts supporting each claim are completely unclear. Accordingly, the Court finds that the Amended Complaint does not meet the pleading requirements of Rule 10.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss will be granted without prejudice for Plaintiff to file a Second Amended Complaint. An appropriate Order will follow.

Dated: August 10, 2009

_____
LISA PUPO LENIHAN
U.S. Magistrate Judge

cc:   Counsel of record.