IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER M. YOUNG, | ) | |
| | ) | Civil Action No. 09 - 325 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | Doc. No. 20 |
| CENTERVILLE CLINIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Lenihan, MJ.

Defendant Centerville Clinic, Inc., ("Defendant") has moved to dismiss Plaintiff Amber Young's ("Plaintiff") Second Amended Complaint for failure to comply with the pleading requirements of Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure.  Defendant contends that Plaintiff's Second Amended Complaint Fails to comply with the pleading requirements in Rules 8 and 10 due to muddled pleading, failure to specify which facts support which cause of action, and failure to draft an organized document.  Alternatively, Defendant has moved to dismiss the first Count Four and the second Count Four as submitted by Plaintiff for failure to state a claim under which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Relevant Facts and Procedural History*

Plaintiff brought suit against Defendant alleging, *inter alia*, employment harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1991 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  In response to the original complaint,

Defendant filed a Motion to Dismiss for failure to comply with the Federal Rules of Civil Procedure.  (Doc. No. 3.)  Plaintiff then filed an Amended Complaint, in which Plaintiff alleged four counts of harassment and discrimination under Title VII, one count of retaliation under Title VII, and one count of employment discrimination under the PHRA.  (Doc. No. 7.)  In response to the Amended Complaint, Defendant filed a second Motion to Dismiss without prejudice for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  (Doc. No. 12.)  A brief in opposition was filed on July 30, 2009.  The Court granted Defendant's Motion to Dismiss without prejudice (Doc. No. 17-18), and Plaintiff filed a Second Amended Complaint on August 19, 2009. (Doc. No. 19.)

Plaintiff is a former employee of Defendant.  (Doc. No. 19 at ¶ 11.)  Plaintiff alleges that, beginning in 2004, she was subject to continuous and ongoing discrimination due to her sex/gender, race/reverse race, religion, and pregnancy status/perceived disability.  (Doc. No. 19 at ¶¶ 12-17.) Plaintiff further alleges that her co-workers and managers were both aware of the discrimination and participated in the discrimination.  (Doc. No. 19 at  ¶¶ 18, 24, 25, 29, 33.)  Beginning in 2007, Plaintiff alleges that her supervisor, Vicki Murray ("Murray"), began systematically discriminating against Plaintiff.  (Doc. No. 19 at ¶ 30.)  Plaintiff alleges that Murray disfavored Plaintiff while favoring another worker (an African American male named Reuben), allowed Reuben to sexually harass Plaintiff, made religious based comments, refused Plaintiff's requests to move to a different department, required Plaintiff to work with Reuben, denied Plaintiff's request for a different assignment of clients, and denied Plaintiff's request for additional pregnancy leave.  (Doc. No. 19 at ¶¶ 21-23, 26-31.)  As a result of the alleged discrimination and harassment, Plaintiff avers that she suffers from mental anguish, depression, emotional strain, loss of sleep, severe anxiety,

humiliation, and loss of income and benefits.  (Doc. No 19 at ¶ 41.)

In response to the Plaintiff's Second Amended Complaint, Defendant filed a Motion to Dismiss with prejudice.  (Doc. No. 20.)  Defendant contends that, aside from the repetitive and careless nature of the Plaintiff's titling two consecutive counts as Count Four, each of the two counts allege claims under Title VII that do not in fact fall under the protection of Title VII.  (Doc. No. 20.) Plaintiff submitted a brief in opposition to Defendant's motion on September 2, 2009, contending that she is not required to plead evidence or meticulously set forth each fact which is relevant to each specific claim or count of the complaint.  (Doc. No. 22.)  Plaintiff submitted a memorandum of points and authorities in support of her opposition to Defendant's motion to dismiss.  (Doc. No. 23.)

Defendant's motion to dismiss was somewhat confusing as to which standard it would like the Court to apply in considering Plaintiff's Second Amended Complaint - a Rule 8 and 10 standard or a Rule 12(b)(6) standard.[1]  As such, in the following Memorandum Opinion, the Court interpreted the motion as a motion to dismiss for failure to comply with Rules 8 and 10 under a Rule 12(e) standard,[2] with an alternative request that the court dismiss both of the Count Fours listed in Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6).

### Motion to Dismiss the Complaint for Failure to Meet the Pleading Requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure

**I.    Standard of Review**

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement

---

[1]      *See* Defendant's Motion to Dismiss, Doc. No. 20, ¶ 9.

[2]      Federal Rules of Civil Procedure 8 and 10 do not provide a basis for dismissal. Therefore, the Court has interpreted this to be a 12(e) Motion for a More Definite Statement.

of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response."
Fed. R. Civ. P. 12(e).  "The class of pleadings that are appropriate subjects for a motion under Rule
12(e) is quite small - the pleading must be sufficiently unintelligible for the court to be able to make
out one or more potentially viable legal theories on which the claimant might proceed."  *Sun Co. v.
Badger Design & Constructors*, 939 F.Supp. 365, 368 (E.D.Pa. 1996) (citing 5 C. Wright & A.
Miller, *Federal Practice and Procedure*, § 1376, p. 311 (3d ed. 2004) (stating that "the pleading
must be sufficiently intelligible for the district court to be able to make out one or more potentially
viable legal theories on which the claimant might proceed").  "Granting the motion is appropriate
only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with
a simple denial, in good faith, without prejudice to itself.'"  *Dixon v. Boscov's, Inc.*, No. CIV.A. 02-
1222, 2002 WL 1740583, at *4 (E.D.Pa. July 17, 2002) (citing *Sun Co.*, 939 F.Supp. at 368); *see
also* 5 C. Wright & A. Miller, *supra*, § 1376, p. 312 n.9.

## II.    Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement
of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1)
of the FRCP provides that each allegation in a pleading "must be simple, concise, and direct."  Fed.
R. Civ. P. 8(d)(1).  "Such a statement must simply 'give the defendant fair grounds upon which it
rests.'"  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).  "This simplified
notice pleading standard relies on liberal discovery rules and summary judgment motions to define
disputed facts and issues and to dispose of unmeritorious claims."  *Id.* at 512 (citations omitted).
However, in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Court found that Rule 8 "requires
a 'showing,' rather than a blanket assertion of entitlement to relief."  *Twombly*, 550 U.S. at 556 n.

-4-

3.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Id.*  Further, Rule 8 "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'"  *Id.* (quoting 5 C. Wright & A. Miller, *supra*, § 1202, p. 94, 95).

A court may dismiss a complaint for failure to comply with  Rule 8 "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*,  467 U.S. 69, 73 (1984).  Dismissal on Rule 8 grounds is "usually reserved for those cases in which the complaint is so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  To merit dismissal, the complaint must be so long and confusing as to "overwhelm the defendants ability to understand or to mount a response."  *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004).  Further, the complaint is to be liberally construed in favor of the plaintiff, and its material allegations taken as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1968).  Only when the pleading fails to meet this liberal standard should it be dismissed under Rule 12(b)(6).  5 Wright and Miller, *supra*, § 1356, p. 594.  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  *Denton v. Hernandez*, 504 U.S. 319, 325 (1989).

Rule 10 sets forth the requirements of form in pleadings.  In particular, Rule 10(b) states:

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a

denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief.

In keeping with the stringent requirements for dismissal under Federal Rules of Civil Procedure 8 and 10, the Court allowed Plaintiff the benefit of two amendments to the original complaint.  (*See* Doc. Nos. 6, 17.)  Plaintiff's original complaint failed to meet the requirements of Rules 8(a) and 8(d)(1).  (*See* Doc. No. 6.)  Although the Plaintiff's Second Amended Complaint is far from perfect after two full revisions, Plaintiff's claims, taken in light of circumstances, occurrences, and events presented by Plaintiff in support of the claim presented, satisfy the pleading standards pursuant to Federal Rule of Civil Procedure 8 at this point in the litigation.  *See Twombly*, 550 U.S. at 556 n. 3.  Further, Plaintiff presented her Second Amended Complaint in such a way that the Court was able to determine whether there were sufficient facts entitling Plaintiff to relief pursuant to Rule 10(b).  *See* Fed. R. Civ. P. 10(b).

Plaintiff certainly could have presented Counts One, Two, and Three in more organized fashion; however, the facts that Plaintiff presents in the Second Amended Complaint are not "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." 5 C. Wright & Miller, *supra*, § 1376, p. 312 n.9.  In fact, the Court finds that the facts presented do in fact support claims for harassment, disparate treatment, and discrimination under Title VII and the PHRA.  The facts, however, are too vague to put Defendant on notice for Plaintiff's claim of retaliation.

Therefore, the Court grants Defendant's Motion to Dismiss for failure to satisfy Rules 8 and

10 with regard to Plaintiff's retaliation claim under Title VII and PHRA.  The Court also grants

Plaintiff leave to amend the retaliation claim within fourteen (14) days of this Memorandum Order

or the Court will dismiss the pleading with prejudice.[3]  *See* Fed. R. Civ. P. 12(e) (stating that, if an

order to amend a complaint pursuant to Rule 12(e) "is not obeyed within 14 days after notice of the

order . . ., the court may strike the pleading").  The Court denies Defendant's Motion to Dismiss

Plaintiff's claims of harassment, disparate treatment, and discrimination.

### Motion to Dismiss Both of Plaintiff's Count Fours Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

**I.     Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

the legal sufficiency of a complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  A

complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state

a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556

(2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)); *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (May 18, 2009) (citing *Twombly*, *supra*).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at

1949 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.  Where a
> complaint pleads facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

---

[3]No additional amendments will be allowed.

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

Recently, the court of appeals expounded on this standard in light of its decision in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*:

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; see also *Twombly*, 505 U.S. at 555 n.3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In light of *Iqbal*, the court of appeals in *Fowler* then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, slip op. at 14].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 15. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35.  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, slip op. at 14. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-211.

## II.    Discussion

Defendant requests that, in the alternative to dismissing the entire Second Amended Complaint with prejudice, the first Count Four and the second Count Four of Plaintiff's Second

Amended Complaint be dismissed to the extent that these counts allege claims under Title VII for harassment, discrimination, or retaliation on the basis of disability and perceived disability, claims that Defendant state are not protected under Title VII.  The first and second Count Four contain mirror image arguments, with the exception of ¶ 68, which merely states that Plaintiff's supervisors were aware of an ongoing pattern of discrimination and harassment.  As such, the Court will consider the two counts as one.

As far as the Court can decipher from Plaintiff's scant presentation of facts and frequent conclusory statements within the first Count Four and the second Count Four, both counts are based upon 42 U.S.C. § 2000e(k), which places pregnancy under the protective umbrella of Title VII. Plaintiff states that she was subject to discrimination due to her pregnancy; however, Plaintiff never reinforces her allegations with facts that support anything more than a possibility of misconduct on Defendant's part.  *See Fowler*, 578 F.3d at 210-211 (requiring that "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to show such an entitlement with its facts").  As such, Plaintiff has not carried its burden to demonstrate that Plaintiff is entitled to relief. *Id.* (stating that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief" (citations omitted)).  Therefore, the Court grants Defendant's motion to dismiss both Count Fours for failure to state a claim for which relief can be granted.

### *Conclusion*

The Court will grant Defendant's motion to dismiss both of Plaintiff's Count Fours for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Additionally, the Court will grant Defendant's motion to dismiss for failure to satisfy the pleading requirements in Rules 8 and 10 with regard to Plaintiff's retaliation claim pursuant to Federal Rule of Civil Procedure 12(e).  Plaintiff has leave to amend the retaliation claim within fourteen (14) days of this Memorandum Opinion.  The Court will deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for failure to satisfy the pleading requirements pursuant to Federal Rules of Civil Procedure 8 and 10 with regard to Plaintiff's harassment, disparate treatment, and discrimination claims pursuant to Federal Rule of Civil Procedure 12(e). An order will follow.

Dated: Dec. 2, 2009

              LISA PUPO LENIHAN
              U.S. Magistrate Judge

cc:  Counsel of record.

-10-